# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Gary Martinez

**DEFENDANTS**
Officer Mark Marino
Officer Joseph Koury
-----> Please see continuation sheet

**(b)** County of Residence of First Listed Plaintiff: Lehigh
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John P. Karoly, Jr.; KAROLY LAW OFFICES,P.C.
1555 N. 18th Street, Allentown PA 18104
610.820.9790

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- X 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

X 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
42 U.S.C. § 1983
Brief description of cause:
Police Misconduct - Unlawful search and seizure, with pendent state claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** >$150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 12-1-06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Martinez v. Marino, et al. - Civil Cover Sheet Continuation Page

Defendants:

Sergeant Ressler
Officer Jane Doe
The City of Allentown

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Gary Martinez | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Officer Mark Marino, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| **12-1-06** | [signature] | **John P. Karoly, Jr.** |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 610.820.9790 | 610.820.9909 | jpk2@ptd.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT** **APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 408 N. Jerome Street, Allentown PA 18109

Address of Defendant: 425 Hamilton Street, Allentown PA 18109

Place of Accident, Incident or Transaction: Jerome Street, Allentown PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ NoX

Does this case involve multidistrict litigation possibilities? Yes☐ NoX

*RELATED CASE, IF ANY:*

Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ NoX
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ NoX
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ NoX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, John P. Karoly, Jr., Esquire, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

**DATE: 12-1-06** ____________ Attorney-at-Law **22224** Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE: 12-1-06** ____________ Attorney-at-Law **22224** Attorney I.D.#

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY MARTINEZ**<br>**408 North Jerome Street**<br>**Allentown PA 18109**<br>**Plaintiff,** | : | **No.** |
| **v.** | : | **Jury Trial Demanded** |
| **OFFICER MARK MARINO**<br>**425 Hamilton Street**<br>**Allentown PA 18101,**<br>**individually, and in his official capacity as a member of the Allentown Police Department,** | : | |
| **OFFICER JOSEPH KOURY**<br>**425 Hamilton Street**<br>**Allentown PA 18101,**<br>**individually, and in his official capacity as a member of the Allentown Police Department,** | : | |
| **SERGEANT RESSLER**<br>**425 Hamilton Street**<br>**Allentown PA 18101,**<br>**individually, and in his official capacity as a member of the Allentown Police Department,** | : | |
| **OFFICER JANE DOE**<br>**425 Hamilton Street**<br>**Allentown PA 18101,**<br>**individually, and in his official capacity as a member of the Allentown Police Department,** | : | |
| **and** | : | |

**THE CITY OF ALLENTOWN** :
**425 Hamilton Street** :
**Allentown, PA 18101,** :
**Defendants.** :

# COMPLAINT

**AND NOW COMES**, the Plaintiff, Gary Martinez, by and through his legal counsel, KAROLY LAW OFFICES P.C., John P. Karoly, Jr., Esquire, and by way of Complaint against Defendants herein, does allege and aver as follows:

## I. JURISDICTION AND VENUE

1. This action is instituted under the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871, hereinafter referred to as the "Act", as amended, 42 U.S.C. Sections 1983, 1985 and 1988.

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343 (3), §1343 (4); and, pursuant to§1367, regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3. Venue in the Eastern District is properly laid pursuant to 28 U.S.C. §1391, in so far as the alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the Plaintiffs' claims, arose within the geographical limits of this District in general, and within the geographical

limits of the City of Allentown, Lehigh County, Pennsylvania, in particular.

## II. THE PARTIES

4. Plaintiff Gary Martinez, is an adult individual, currently residing at 408 North Jerome Street, Allentown, Lehigh County, Pennsylvania.

5. Defendant Officer Mark Marino, is an adult individual, who at all times relevant to this action was serving in his capacity as a duly sworn officer in the Police Department of the Defendant City of Allentown, and who was entrusted with protecting the Constitutional rights of citizens he encountered, with the power to enforce the laws of the Commonwealth and the City of Allentown and who at all times relevant hereto was acting within the scope of his employment, duties and authority, under color or title of state or municipal public law and acted in concert with one or more of the Defendant officers in the performance of their conduct or actions, or acted individually.

6. Defendant Officer Joseph Koury, is an adult individual, who at all times relevant to this action was serving in his capacity as a duly sworn officer in the Police Department of the Defendant City of Allentown, and who was entrusted with protecting the Constitutional rights of citizens he encountered, with the power to enforce the laws of the Commonwealth and the City of Allentown and who at all times relevant hereto was acting within the scope of his

employment, duties and authority, under color or title of state or municipal public law and acted in concert with one or more of the Defendant officers in the performance of their conduct or actions, or acted individually.

7. Defendant Sergeant Ressler, is an adult individual, who at all times relevant to this action was serving in his capacity as a duly sworn officer in the Police Department of the Defendant City of Allentown, and who was entrusted with protecting the Constitutional rights of citizens he encountered, with the power to enforce the laws of the Commonwealth and the City of Allentown and who at all times relevant hereto was acting within the scope of his employment, duties and authority, under color or title of state or municipal public law and acted in concert with one or more of the Defendant officers in the performance of their conduct or actions, or acted individually.

8. Defendant Officer Jane Doe, is an adult individual whose name is unknown to Plaintiff, who at all times relevant to this action was serving in her capacity as a duly sworn officer in the Police Department of the Defendant City of Allentown, and who was entrusted with protecting the Constitutional rights of citizens she encountered, with the power to enforce the laws of the Commonwealth and the City of Allentown and who at all times relevant hereto was acting within the scope of her employment, duties and authority, under

color or title of state or municipal public law and acted in concert with one or more of the Defendant officers in the performance of their conduct or actions, or acted individually.

9. Defendant City of Allentown, is a municipal corporation, specifically a Third Class City operating under a Home Rule Charter, existing within, and authorized and operating under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 425 Hamilton Street, Allentown, PA 18104. At all times relevant hereto, the City of Allentown supervised and operated the Allentown Police Department.

## III. FACTUAL ALLEGATIONS

10. At or about 1:00 am on December 2, 2004, Plaintiff walked to a convenience store near his home to purchase snacks and a soft drink. He telephoned friends to ask that they give him a ride to his mother's house. He waited at the convenience store for his ride.

11. The two friends, Bernard Krokus and Elio Ramos, arrived and Plaintiff entered their vehicle.

12. They proceeded to Plaintiff's mother's home at 215 E. Lynnwood Street, Allentown, PA.

13. As the vehicle turned onto Jerome Street, Plaintiff and his two friends, were stopped by Defendants Marino and Koury, who were driving a marked Allentown Police paddy wagon.

14. Shortly thereafter, Defendants Ressler and Doe arrived in an Allentown Police patrol car.

15. Defendant Marino approached the vehicle and stated that the occupants looked "suspicious." He further accused them of dealing drugs.

16. Police ordered Krokus and Ramos out of the car, and proceeded to search the vehicle. No drugs or unlawful substances were found.

17. The Police then ordered Plaintiff out of the car, and told Krokus and Ramos to go back into their car and wait.

18. Defendant Marino accused Plaintiff of being a drug dealer, solely based on Plaintiff's appearance.

19. Defendant Marino, joined by Defendant Koury, continued to accuse Plaintiff of selling drugs, made him empty his pockets, searched the contents of his wallet, and patted him down, and, once again, found no drugs or unlawful substances.

20. Defendants found a ten dollar bill on Plaintiff and accused him of having received the money in a drug sale.

21. Plaintiff showed Defendants Marino and Koury his work schedule from his full time job in an effort to appease them, but the two Defendants continued their accusations.

22. Defendant Sergeant Ressler then ordered Plaintiff to enter the paddy wagon along with Defendants Marino and Koury.

23. Once inside the paddy wagon, Defendant Marino ordered Plaintiff to remove all of his clothing, while Defendant Koury held a side-handled baton in front of Plaintiff in a menacing manner.

24. Defendants Ressler and Doe stood guard outside of the paddy wagon to assure that no one discovered or interfered with the blatantly unlawful activity inside the wagon.

25. Plaintiff, now completely naked, was ordered to bend over and spread his buttock cheeks in plain view of Defendants Marino and Koury.

26. Defendants Marino and Koury then further humiliated Plaintiff by forcing him to face them and lift up his scrotum.

27. The unlawful body cavity search, just as the prior unlawful searches of Plaintiff and the vehicle he was riding in, produced no drugs or unlawful substances.

28. Plaintiff was then told by Defendants Marino and Koury to put his clothes back on. The two said Defendants continued to question Plaintiff about the reason why he was waiting at the convenience store, and accused him of attempting to rob the store, based solely on Plaintiff's appearance.

29. Defendant Marino then ordered Plaintiff to walk home, and not to reenter his friend's vehicle.

30. No criminal charges, traffic or otherwise, were ever filed against Plaintiff, nor could any lawfully have been filed, as there was no unlawful activity committed by Plaintiff, nor any reasonable suspicion to believe that Plaintiff was engaging in any unlawful activity.

31. The Plaintiff believes and therefore avers that, in addition to the departmental atmosphere, which not only did not deter, but in fact, promoted police abuses and violations of citizens' Constitutional rights, the fact that the Allentown Police Department had a de facto policy of encouraging unlawful strip searches, had specifically deployed a paddy wagon for said unlawful purposes, and had a policy of deliberately not documenting such unlawful strip searches through written reports, further encouraged the unlawful search complained of herein.

32. The Defendant police officers had no warrant for the arrest of Plaintiff, no probable cause, or reasonable suspicion, to detain or search him, no cause or excuse to seize his person, and no need or justification for the highly invasive body cavity search conducted upon him.

33. At all times during the events described above, the Defendant police officers were engaged in a joint venture and civil conspiracy. The individual Defendants assisted each other in the performing of the various actions described, and lent their physical presence, support, and the authority of their office to each other, during the said events which were either caused or allowed to occur.

34. As a direct and proximate result of the aforementioned acts or omissions of the Defendants, and one or more of them, the Plaintiff suffered, inter alia, the following injuries and damages:

a) physical and mental pain and suffering, including damages for physical pain, discomfort, and emotional injuries, including stigma, humiliation, fright and emotional trauma;

b) compensatory damages for loss of liberty during wrongful seizure and confinement;

c) loss of life's pleasures;

d) impairment of personal reputation, earning capacity, and shortening of economic horizons;

e) general damages for violation of Plaintiff's Constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 8 of the Pennsylvania Constitution; and

f) punitive damages (except as to the City of Allentown and as to the individual Defendants in their official capacity), which are justified factually and legally, because Defendants acted maliciously and/or wantonly, in violating the Plaintiff's Constitutionally (federal and state) protected rights, and did so intentionally, recklessly, and wilfully, while engaging in reprehensible and outrageous conduct not to be tolerated in a civilized society.

35. The actions of the Defendant officers violated the clearly established and well-settled federal Constitutional rights of the Plaintiff, as more clearly set forth in the Counts below, and it was not reasonable for the Defendants to believe that they were not violating those rights.

## COUNT I
## 42 U.S.C. §1983
## *AGAINST ALL INDIVIDUAL DEFENDANTS*

36. The preceding paragraphs are incorporated herein by reference as though fully set forth.

37. The Defendants, at all times pertinent to the claims asserted herein, acted under color of state law.

38. While acting under color of state law, the Defendants deprived the Plaintiff of various federal Constitutional rights.

39. The Plaintiff claims compensatory, punitive and other damages for the injuries sustained by him as set forth herein under 42 U.S.C. §1983, against all Defendants for the violations of his Constitutional rights under color of law.

## COUNT II
## 42 U.S.C. §1983
## UNLAWFUL SEIZURE
## *AGAINST ALL INDIVIDUAL DEFENDANTS*

40. The preceding paragraphs are incorporated herein by reference as though fully set forth.

41. The conduct of the Defendants constituted a seizure of Plaintiff, within the meaning of the Fourth Amendment.

42. Said seizure was made without a warrant for arrest, was unreasonable, and without probable cause, or even reasonable suspicion, in that the facts and circumstances available to the Defendant officers would not warrant a prudent officer in believing that the Plaintiff had committed, or was committing, a crime which would justify his detention.

43. Plaintiff was placed into police custody, and confined, even after it was clear that there was no basis for his initial seizure or continued deprivation of liberty.

44. Plaintiff was subjected to unlawful seizure and arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

45. As a result of his unlawful arrest, the Plaintiff suffered damages as set forth herein.

**COUNT III**
**42 U.S.C. §1983**
**UNLAWFUL SEARCH**
***AGAINST ALL INDIVIDUAL DEFENDANTS***

46. The preceding paragraphs are incorporated herein by reference as though fully set forth.

47. The Plaintiff was subjected to a highly invasive body cavity search, unlawful within the meaning of the Fourth Amendment.

48. The search of the Plaintiff was unreasonable and unconscionable under the circumstances, and unconstitutionally excessive.

49. The Fourth Amendment to the United States Constitution protects persons from being subjected to such invasive searches without even reasonable suspicion to believe that Plaintiff was engaged in unlawful activity.

50. The nature and degree of the invasive body cavity search perpetrated upon the Plaintiff by the Defendants, was reprehensible, malicious, vicious, intentional, malevolent and cowardly, and clearly warrants an award of punitive, as well as, compensatory damages.

51. As a result of the unlawful detention and search of Plaintiff in violation of his Fourth Amendment rights, the Plaintiff suffered damages as stated herein.

**COUNT IV**
**42 U.S.C. §1983**
**FALSE IMPRISONMENT**
***AGAINST ALL INDIVIDUAL DEFENDANTS***

52. The preceding paragraphs are incorporated herein by reference as though fully set forth.

53. The Defendants, either individually or acting in concert, subjected the Plaintiff to false imprisonment in violation of his constitutionally protected Fourth Amendment rights.

54. The Defendants deliberately detained and then confined Plaintiff in custody.

55. Said detention was unlawful because it lacked probable cause, or reasonable suspicion.

56. The facts and circumstances, which were within the knowledge of the Defendants at the time of Plaintiff's confinement, were not sufficient to warrant a man of reasonable caution in the belief that Plaintiff had committed, or was committing, a crime for which continued detention was authorized under the law.

57. As a result of Plaintiff being subjected to False Imprisonment, in violation of his Constitutionally protected rights under the Fourth Amendment, the Plaintiff suffered damages as herein alleged.

**COUNT VI**
**42 U.S.C. §1983**
**Supervisory Liability**
***Against Individual Defendants***

58. The preceding paragraphs are incorporated herein by reference as though fully set forth.

59. One or more of the Defendants acted in a supervisory capacity under circumstances, and at a time, when one or more of the subordinate Defendants violated the Plaintiff's rights as set forth herein.

60. The exact relationship and responsibilities between the Defendants inter se, cannot be ascertained pre-trial, except to alleged with certainty, that Defendant Sergeant Ressler, acted in a supervisory capacity with regard to the remaining Defendants, based upon his obvious rank and position.

61. In that regard, the Supervisory Defendants, now known and unknown, either directed the conduct which resulted in the violation of the Plaintiff's federal civil rights as alleged; or, had actual knowledge of the subordinates violation of Plaintiff's federal civil rights as alleged; or, had actual knowledge of the subordinate's violation of Plaintiff's federal civil rights and acquiesced in said violations; or, with deliberate indifference to the consequences, established and maintained a policy, practice or custom, which directly caused the violation, or had a policy of maintaining no policy, where one or more policies or regulations were clearly needed.

62. As a result of the deficient supervision of the Defendants, the Plaintiff suffered the damages alleged herein.

## COUNT VII
## 42 U.S.C. §1983
## Failure to Intervene
## Non-Supervisory
## *Against Individual Defendants*

63. The preceding paragraphs are incorporated herein by reference as though fully set forth.

64. Each Defendant is liable for failing to intervene to prevent the Constitutional violations of Plaintiff's federally protected civil rights, as claimed herein, by the other Defendants, or by other offenders presently unknown to the Plaintiff.

65. Plaintiff's Constitutional rights were violated as alleged herein.

66. Under circumstances where a named Defendant was not the violator of a given right as alleged, he had the duty to intervene, including the duty to intervene to prevent the Plaintiff's unlawful detention, unlawful search, and false imprisonment.

67. Each of the Defendants had a reasonable opportunity to intervene.

68. Each of the Defendants failed to intervene.

69. Each non-intervening Defendant is liable for the harm, and hence damages, suffered by the Plaintiff as alleged herein.

## COUNT VIII
## 42 U.S.C. §1983
## Civil Conspiracy
## *Against All Individual Defendants*

70. The preceding paragraphs are incorporated herein by reference as though fully set forth.

71. The Defendants participated in a conspiracy to engage in, or to actively permit or cover up, the unlawful and invasive search and seizure of the Plaintiff as alleged.

72. This conspiracy, as it applied to Plaintiff, was an express or implied agreement between the Defendants and others, to deprive the Plaintiff of his Constitutional rights, inter alia, to be free from unlawful search and seizure, to be at his liberty without unlawful confinement, and to freely associate and pursue, life, liberty and happiness.

73. The aforesaid civil conspiracy at times may have included others presently unknown to the Plaintiff who either planned, facilitated, participated in, or acquiesced in, Defendants' misconduct.

74. The Defendants were voluntary participants in the common venture, understood the general objectives of the plan, knew it involved the likelihood of the deprivation of Constitutional rights, accepted those general objectives, and then agreed, either explicitly or implicitly, to do their part to further those

objectives.

75. The Defendants then did each, either act, or where there was a duty to act, refrained from acting, in a manner intended to facilitate the deprivation of the Plaintiff's Constitutional rights as alleged.

76. An actual deprivation of those rights did occur to the Plaintiff resulting from the said agreement or common design, and as a foreseeable consequence thereof.

77. The Defendants, and each of them, are jointly and severally responsible for the injuries caused by their fellow co-conspirators, even if, or when, their own personal acts or omissions did not proximately contribute to the injuries or other harms which resulted.

78. As a result of the Civil Conspiracy entered into and acted upon by the Defendants, and other co-conspirators, the Plaintiff suffered a deprivation of his constitutional rights, and suffered damages as claimed herein.

**COUNT IX**

**42 U.S.C. §1983**
**Municipal Liability**
***Against The City of Allentown,***

79. The preceding paragraphs are incorporated herein by reference as though fully set forth.

80. Prior to December 2, 2004, the Defendant City of Allentown, developed and maintained policies or customs, exhibiting deliberate indifference to the Plaintiff's Constitutional rights (and to others located in the City of Allentown), which caused the violation of Plaintiff's Constitutional rights.

81. It was the policy and/or custom of the Defendant City, to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct, which were instead tolerated by the City of Allentown, including, but not limited to, complaints of unlawful search and seizure by its police officers, including the very Police Defendants named herein.

82. It was also the policy and/or custom of the Defendant City, to inadequately screen during the hiring process, and to inadequately train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further constitutional violations on the part of its police force in general, and Defendant officers in particular.

83. The Defendant City, did not require or demand appropriate in-service training, or re-training of officers, who were known to have engaged in police misconduct, or who were known to encourage or tolerate same.

84. The Defendant City, also did not adopt needed policies, which should have been intended and calculated to avoid and to appropriately punish and deter the Constitutional violations referred to herein, but instead maintained a culture and atmosphere wherein such violations were tolerated and even rewarded.

85. As a result of the above described policies and customs, and the failure to adopt necessary and appropriate policies, police officers of the Defendant City, including the Defendants, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated.

86. The above described policies and customs, and the failure to adopt the necessary and appropriate policies, demonstrated a deliberate indifference on the part of the policymakers of the Defendant City, and were the cause of the violation of the Plaintiff's rights as alleged herein, and the claimed damages which resulted therefrom.

## <u>COUNT X</u>
## State Constitutional Violations
### *Against All Individual Defendants*

87. The preceding paragraphs are incorporated herein by reference as though fully set forth.

88. The conduct of the Defendants, as alleged herein, was violative of the Plaintiff's rights under Article I, Section Eight of the Constitution of the Commonwealth of Pennsylvania, to be free from unreasonable searches and seizures, not predicated upon probable cause, or even reasonable suspicion, and to be free from invasions of Plaintiff's privacy.

89. As a result of the Defendants' conduct, which was violative of the guarantees afforded Plaintiff under the Pennsylvania Constitution, Plaintiff suffered the damages set forth herein.

## STATE CLAIMS

## <u>COUNT XI</u>
## False Arrest and Illegal Imprisonment
### *Against All Individual Defendants*

90. The preceding paragraphs are incorporated herein hereby reference as though fully set forth.

91. Defendants illegally detained and illegally imprisoned Plaintiff.

92. As a result of their unlawful detention and illegal imprisonment, Plaintiff

suffered the damages claimed herein.

**COUNT XII**
**Civil Conspiracy**
***Against Individual Defendants***

93. The preceding paragraphs are incorporated herein by reference as though fully set forth.

94. The Defendants conspired to engage in the pendent state claims alleged herein, whereby each Defendant acted in concert, pursuant to an agreement, to cause the stated harms or in some way facilitated the conspiratorial objective, of inflicting the resulting harms upon the Plaintiff by their own acts or omissions, or by those of fellow co-conspirators.

95. As a result of the aforesaid conspiracy engaged in by Defendants, Plaintiff suffered the damages claimed herein.

**COUNT XIV**
**Intentional Infliction of Emotional Distress**
***Against All Individual Defendants***

96. The preceding paragraphs are incorporated by reference as though fully set forth.

97. The herein described actions of the Defendants were extreme and outrageous in nature, resulting from wanton, intentional and reckless actions.

98. As a direct and proximate result of the said actions of the Defendants, Plaintiff has suffered and will continue to indefinitely suffer, severe emotional distress, and psychic trauma.

## COUNT XV
**Invasion of Privacy**
***Against all Individual Defendants***

99. The preceding paragraphs are incorporated herein by reference as though fully set forth.

100. The Defendants in conducting the search more fully described hereinbefore, intentionally intruded upon the solitude and seclusion of the Plaintiff.

101. Such intrusion upon Plaintiff's solitude and seclusion was of a type that would be highly offensive to a reasonable person.

102. A reasonable person would take serious offense to such an invasive body cavity search under the circumstances detailed hereinbefore.

103. As a direct and proximate cause of the Defendant's invasion of Plaintiff's privacy, Plaintiff has been damaged as more fully described herein.

## COUNT IV

OTHER

104. Plaintiff respectfully requests a jury of twelve (12) jurors to deliberate upon the within causes of action.

105. The within case is not subject to arbitration, in that, the damages involved are beyond the limit for arbitration in this Judicial District.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court, for each Count alleged:

a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00, exclusive of interest and costs;

b. Award punitive damages to Plaintiff against the individual Defendants, in their individual capacities, jointly and severally, in an amount in excess of $150,000.00, exclusive of interest and costs;

c. Award reasonable attorney's fees and costs to the Plaintiff as against all Defendants;

d. Enter an Order enjoining Defendants from engaging in future conduct similar to that identified in this Complaint as violative of 42 U.S.C. §1983; and further affirmatively requiring the Defendant City of Allentown to engage in appropriate remedial efforts to adopt, and enforce, policies for the City of Allentown Police Department, which are calculated and intended to preclude the conduct alleged to have been

engaged in by the Defendants, named herein.

e. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,
KAROLY LAW OFFICES, P.C.,

Dated: December 1, 2006 By: ______________________

John P. Karoly, Jr., Esquire
Attorney for Plaintiff
I.D. No. 22224
1555 North 18th Street
Allentown, PA 18104
610-820-9790
610-820-9909 (facsimile)
E-Mail jpk2@ptd.net